UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOSHUA L. FERGUSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:14-CR-14-TAV-HBG-20 |
| | ) | 3:16-CV-623-TAV-HBG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [No. 3:16-cv-623-TAV-HBG, Doc. 1]. Respondent responded, asserting that the motion is time-barred, among other things [*Id.*, Doc. 4]. For the following reasons, the § 2255 motion [*Id.*, Doc. 1] will be **DENIED** as time-barred, and this action will be **DISMISSED**.

### I. BACKGROUND

On May 22, 2014, pursuant to a written plea agreement [No. 3:14-cr-14-TAV-HBG-20, Doc. 155], Petitioner pleaded guilty to the lesser included offense in Count One of the indictment, charging Petitioner with conspiracy to manufacture at least five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) [*Id.*, Doc. 201]. On November 19, 2014, the Court sentenced Petitioner to 63 months' imprisonment followed by four years of supervised release [*Id.*, Doc. 440]. Petitioner did not appeal this conviction. On October 24, 2016, Petitioner filed the instant § 2255 motion, arguing that

he is entitled to a sentence reduction based on ineffective assistance of counsel [No. 3:16-cv-623-TAV-HBG, Doc. 1].

II. DISCUSSION

The government argues that Petitioner's § 2255 motion is time-barred [No. 3:16-cv-623-TAV-HBG, Doc. 4]. A prisoner in federal custody may file a motion under 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255(f) provides that the one-year statute of limitations, which runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, a

conviction becomes final after the time for filing for such expires, which is fourteen days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant must file his notice of appeal in the district court within fourteen days after "the entry of either the judgment or order being appealed").

Petitioner did not appeal the Court's judgment against him, and therefore his conviction became final when he failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Judgment was entered on November 20, 2014 [3:14-cr-14-TAV-HBG-20, Doc. 441]. Petitioner's judgment became final fourteen days later, on December 4, 2014. Accordingly, the § 2255 limitation period in this case ended on December 4, 2015. Petitioner filed his § 2255 motion almost a year later, on October 24, 2016. Petitioner's § 2255 motion is therefore time-barred under 28 U.S.C. §2255(f)(1). Moreover, Petitioner does not identify any new right recognized by the Supreme Court, so his motion cannot be brought under the alternate one-year limitations period in § 2255(f)(3). Accordingly, Petitioner's motion will be time-barred unless he is entitled to equitable tolling.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th

Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

In his § 2255 motion, Petitioner asserts that his counsel was ineffective because counsel failed to argue that Petitioner was a minor participant in the conspiracy [Doc. 3:16-cv-623-TAV-HBG, Doc. 1]. He further states that his § 2255 motion should be considered, despite its untimeliness, because he only recently learned of certain legal facts which "just [became] available" to him and which he believes support his ineffective assistance of counsel claim [Doc. 3:16-cv-623-TAV-HBG, Doc. 1]. However, Petitioner provides no further information to explain why these facts could only be discovered now, and he does not allege or establish that he has pursued his rights diligently, or that any extraordinary circumstances prevented him from filing a timely § 2255 motion. Thus, because his § 2255 motion is untimely and he is ineligible for equitable tolling, his motion will be dismissed.

### III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [No. 3:16-cv-623-TAV, Doc. 1] will be **DENIED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any

4

appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A Judgment will enter **DENYING** the Motion [No. 3:16-cv-501-TAV, Doc. 1].

    IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE